**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-63130-CV-UNGARO

OHIO STATE TROOPERS ASSOCIATION, INC,
INTERNATIONAL UNION OF POLICE
ASSOCIATIONS, TREVOR KOONTZ, RYAN
PURPURA, STEVEN ROHNER, ALEXANDER
PATER and LANCE DESHUK,

       Plaintiffs,

vs.

POINT BLANK ENTERPRISES, INC.

       Defendant.

_____/

**PLAINTIFFS' MOTION TO COMPEL ANSWERS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES
AND INCORPORATED MEMORANDUM OF LAW**

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 33 and 37, and S.D. Fla. L. R. 7.1, and 26.1(g), Plaintiffs file

this motion to compel regarding Defendant's deficient and improper responses to their First Set

of Interrogatories.  On February 8, 2019, Plaintiffs served 10 interrogatories ("Rogs"),[1] attached

hereto as **Exhibit A**. Given that the parties generally agree that discovery taken in the Prior

Action can and should be used in this matter, these discovery requests focused on the

information not previously obtained and/or information needed specifically for this action.

Defendant did not answer a single Rog, rather, its responses consisted solely of objections.

**Exhibit B** hereto are Defendant's responses. Accordingly, Plaintiffs move the Court for an Order

overruling Defendant's objections and compelling Defendant to provide full and complete

answers.

_____

[1] Plaintiffs inadvertently misnumbered their interrogatories, which skip from Rog 8 to Rog 10.

## MEMORANDUM OF LAW

"Federal Rules of Civil Procedure 33(a)(2) and 34(a) allow a party to pose interrogatories related to any matter into which Rule 26(a) allows inquiry, and to request the production of any documents that fall with the scope of Rule 26(b)." *Alvar v. No Pressure Roof Cleaning, LLC*, No. 17-80725-CV-MARRA/MATTHEWMAN, 2018 WL 1187777, at *1 (S.D. Fla. Mar. 7, 2018). The Federal Rules strongly favor full discovery where possible. *Id.; Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "no part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory." Fed. R. Civ. P. 33(b)(3); S.D. Fla. L.R. 26.1(e)(1); *Guarantee Ins. Co. v. Brand Mgt. Serv., Inc.*, 12-61670-CIV-ROSENBAUM/HUNT, 2014 WL 11531762, at *1 (S.D. Fla. April 28, 2014).  All grounds for objections to a request must be stated with specificity. *Guarantee Ins. Co.*, 2014 WL 11531762 at *1. Boilerplate objections without the required specificity are "inadequate and tantamount to not making any objection at all." *Thermoset Corp. v. Building Materials Corp. of Am.*, No. 14-60268-CIV, 2014 WL 6473232, *3 (S.D. Fla. Nov. 18, 2014); *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (noting that "judges in this district typically condemn boilerplate objections as legally inadequate or 'meaningless'").  Further, Defendant, as the party resisting discovery, has the burden to demonstrate how the request is unreasonable or inappropriate. *Felicia v. Celebrity Cruises, Inc.*, 286 F.R.D. 667, 670 (S.D. Fla. 2012); *Adelman*, 276 F.R.D. at 689.

Defendant's responses fail to comply with all of this.  Defendant asserted routine objections, many of which are boilerplate objections, to the entirety of each Rog, failing to

provide any response to any part of any request.

I.   **DEFENDANT'S OBJECTION THAT IT HAS FILED A MOTION TO STAY DISCOVERY DOES NOT ALLEVIATE ITS OBLIGATION TO RESPOND TO DISCOVERY – THIS OBJECTION SHOULD BE OVERRULED AND DEFENDANT SHOULD BE REQUIRED TO COMPLETELY ANSWER EACH ROG** *(As to all Rogs)*

The primary objection Defendant asserted as its basis for not answering Plaintiffs' Rogs is that "PBE has filed a Motion to Stay Discovery Pending Resolution of its Motion to Strike or Dismiss Plaintiffs' Class Allegations and to Dismiss for Lack of Subject Matter Jurisdiction." **Ex. B**.  Defendant asserted this objection in response to each of Plaintiffs' 10 Rogs. *Id.*  Neither the pendency of Defendant's Motion to Dismiss nor its Motion to Stay Discovery obviate Defendant's obligation to respond to discovery. *Romacorp, Inc. v. Prescient, Inc*., No. 10-22872-Civ., 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011); *Wells Fargo Bank, N.A. v. Hazzan*, No. 12-20154-CIV-COOKE, 2012 WL 13014695, at *1 (S.D. Fla.  July 17, 2012); *see also Creative Solutions Group, Inc. v. Pentzer Corp*., 199 F.R.D. 443, 444 (D. Mass. 2001) ("The plain fact is that merely moving for a stay does not operate to effectuate a stay unless and until the stay is granted."); *American Rock Salt Co., LLC v. Norfolk Southern Corp*., 371 F. Supp. 2d 358, 360–61 (W.D. N.Y. 2005) (collecting cases).  This is not a valid objection and should be overruled such that Defendant should be required to fully and completely answer Plaintiffs' Rogs.

II.   **DEFENDANT'S ADDITIONAL OBJECTIONS TO SPECIFIC ROGS ARE IMPROPER AND SHOULD BE OVERRULED**

**<u>INTERROGATORY NO. 1:</u>**
Please identify the model names (for example, Vision, Hi-Lite, etc.) of the concealable SSBS Vests sold under the Point Blank Body Armor, Inc. and Protective Apparel Corporation of America brand names.

**<u>RESPONSE TO INTERROGATORY NO 1:</u>**
PBE objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, because it is not limited to the five years preceding the filing of the Complaint, because the identification of and information concerning all "model[s]" of

concealable SSBS Vests is not necessary at this juncture, since no class has been certified, because it seeks the same information as Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendant in *Ohio State Troopers Association, Inc., et al. v. Point Blank Enterprises, Inc.*, Case No. 17-cv-62051 (S.D. Fla.) ("First Class Action"), because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests, including the models of SSBS vests, in the First Class Action, and because it seeks information about models of SSBS vests that Plaintiffs did not purchase and the Court held in the First Class Action that Plaintiffs lack standing to assert claims concerning any models of SSBS vests that they did not purchase. PBE further objects to this Interrogatory because PBE has filed a Motion to Stay Discovery Pending Resolution of its Motion to Strike or Dismiss Plaintiffs' Class Allegations and to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 33) ("Motion to Stay Discovery"). PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Defendant's objection that the request is not limited to the five years preceding the filing of the complaint does not constitute a basis for Defendant not to answer the Rog at all. If a party lodges an objection as to time or scope, the responding party should nonetheless provide the responsive discovery for the non-disputed time and scope. *Consumer Electronics Assoc. v. Compras and Buys Magazine, Inc.*, 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008). Further, as asserted in the Complaint, the pendency of the Prior Action tolled the statute of limitations for Plaintiffs and all putative class members (D.E. 1 at ¶63); thus, the relevant time period is not five years preceding the complaint.

Defendant's related objection that information as to "all models" is improper because no class has been certified and that Plaintiffs do not have standing, lack merit. Rule 26's scope of discovery is broad, and the information Plaintiffs seek is relevant to class certification and to understanding and interpreting Defendant's documents and business records. There is no limitation on the scope of discovery as asserted by Defendant's objection and the fact that no class has been certified does not explain why Defendant believes Plaintiffs are not entitled to this information in preparation for class certification and/or trial. Moreover, Plaintiffs defined

"SSBS Vests" as used in these Rogs to mean "**the concealable PBBA Vision, HiLite and Elite, as well as the concealable PACA Blue Steel and Perform-X vests**." **Exhibit A**, Definition 10 (emphasis in original). Thus, contrary to Defendant's objections, the Rog is limited to the models of SSBS Vests purchased by Plaintiffs. In that vein, Defendant's objection that the Rog seeks the same information as sought in the Prior Action fails to recognize that this Rog is limited to only a subset of all SSBS Vests that Defendant manufactures, whereas the Prior Action involved all SSBS Vests. Plaintiffs seek the identification of this relevant subset of SSBS Vests.

Finally, the fact that Defendant produced over 400,000 pages of documents in the Prior Action is not a valid objection to this Rog, unless one or more of those pages responds to this Rog and Defendant complies with L.R. 26.1(e)(3). Discovery here is not limited to that taken in the Prior Action. Furthermore, as discussed in several prior filings, Defendant's productions in the Prior Action were purposefully manipulated and grossly deficient.

**INTERROGATORY NO. 2:**
From January 1, 2013 through the filing of the Complaint, for each month in which SSBS Vests were sold in the United States (or if not kept monthly, the smallest increment in which this information is kept), please identify the quantity or number of each model SSBS Vest sold, the name and address of the officer and purchasing individual or entity of each vest, the retail sales price per unit (or if not in Defendant's records the price Defendant received for each vest), any discounts applied to the purchase, total cost per unit, the total returns accepted after purchase, and whether PBE ultimately refunded the consumer, repaired the unit, provided replacement parts, or provided consumer credit.

**RESPONSE TO INTERROGATORY NO 2:**
PBE objects to this Interrogatory because it seeks disclosure of commercially sensitive and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, because PBE's standard practice is to only sell SSBS vests to distributors and, in some circumstances, to governmental agencies, because information regarding the retail sales price per unit, any discounts applied to the purchase, and the total cost per unit for sales by PBE to distributors or governmental agencies is not related to the particular claims asserted by Plaintiffs, because return, refund, repair, and/or replacement information is not limited to the allegedly defective cclamps and shoulder straps for SSBS vests that form the basis for Plaintiffs' claims, because it is not limited to the five years preceding the filing of the Complaint, because it seeks the same information as Interrogatory No. 2 in Plaintiffs' First Set of Interrogatories to Defendant in the First Class Action, because PBE

already produced more than 400,000 pages of documents, including documents responsive to this Interrogatory, to Plaintiffs in the First Class Action, because information regarding the quantity of all SSBS vests sold, the quantity of all SSBS vests returned to PBE, and all sales of every model of SSBS vest by PBE is not necessary at this juncture, since no class has been certified, and because it seeks information about models of SSBS vests that Plaintiffs did not purchase and the Court held in the First Class Action that Plaintiffs lack standing to assert claims concerning any models of SSBS vests that they did not purchase. PBE further objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Defendant's boilerplate objection that the Rog is not relevant fails to provide the requisite specificity to explain how the request is not relevant. *Thermoset*, 2014 WL 6473232 at *3. The information Plaintiffs seek in this Rog is directly relevant to determining the identity of class members and to damages as it seeks identification of end user/purchasers of the specific SSBS Vests at issue and each sale. Return, refund, repair and replacement information is also relevant to identify class members and to calculate damages because, for example, if a purchaser returned the vest for any reason and received a refund, that person would not be in the class. Despite its claim that it sells primary to distributors (which in truth is a charade because Defendant's employees procure and process sales directly and Defendant ships the vests directly from its manufacturing facility to the purchaser/user), Defendant has information regarding the end user/purchaser. As in the Prior Action (and in other actions against Defendant), Defendant produced a spreadsheet that provided much of this information for the broader universe of SSBS Vests that were at issue there. Plaintiffs seek that information, but limited to the much narrower subset of SSBS Vests at issue here *and* including information since Defendant's production of the original spreadsheet in the Prior Action. Defendant's objections regarding the time limitation, that no class is yet certified, as to standing, and as to PBE's supposed discovery efforts in the Prior Action are the same as discussed above regarding Rog 1 and Plaintiffs

incorporate those arguments herein.  Finally, to the extent Defendant can establish that this information is proprietary or should otherwise be protected from disclosure, a protective order could be entered; however, Defendant's general objection lacks specificity to establish that this information requires such protection. *Hands on Chiropractic PL v. Progressive Select Ins.*, No. 6:18-cv-192-Orl-37DCI, 2018 WL 6983622, at *4 (M.D. Fla. Nov. 20, 2018) (finding that the party resisting discovery has the burden to show "good cause" for protecting discovery by showing that the information sought is a trade secret and that disclosure may be harmful).

**INTERROGATORY NO. 3:**
Please identify all manufacturers, suppliers, or sellers of material or component parts used in the SSBS system of your SSBS Vests, the material or component part each provided, and the applicable time period for each, through the present and not identified by PBE in the Prior Case.

**RESPONSE TO INTERROGATORY NO 3:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case, because it is not limited to the five years preceding the filing of the Complaint, because it seeks information concerning "all" manufacturers, suppliers, or sellers of all materials and all component parts used for SSBS vests, including materials and component parts other than those which make up the allegedly defective c-clamps and shoulder straps as asserted in Plaintiffs' Complaint, and because it seeks the same information as Interrogatory No. 4 in Plaintiffs' First Set of Interrogatories to Defendant in the First Class Action. PBE further objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Defendant again failed to assert the required specificity regarding its objections. *See* Rog 2 discussion, *supra*. Plaintiffs' Rog is limited to the SSBS system of the SSBS Vests at issue, making it relevant and tailored to the specific issues in this case.  Plaintiffs allege that Defendant made changes in material and design for the SSBS system in these vests over time, sacrificing quality and efficacy to save money.  Thus, the Rog should not be limited to 5 years preceding the complaint.  Nevertheless, as discussed above regarding Rog 1, Defendant failed to answer this

Rog even as to the undisputed time period.  The fact that Plaintiffs sought similar information in the Prior Action is not a valid basis for Defendant's refusal to respond, as this Rog specifically seeks information not identified in the Prior Action.  Plaintiffs refer to and incorporate herein their discussion of Defendant's objection on confidentiality grounds set forth in Rog 2 above.

**INTERROGATORY NO. 4:**
Please identify all PBE sales representatives that sold SSBS Vests from January 1, 2013 through the filing of the Complaint and state for each the dates of employment, job title, sales territory, to whom he or she reported and, if no longer working for PBE, please state the reason employment ended.

**RESPONSE TO INTERROGATORY NO 4:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because it is not limited to the five years preceding the filing of the Complaint, because the time period in which each distributor was authorized to sell SSBS vests and the specific territory or area in which each distributor was authorized to sell SSBS vests do not relate to the claims in Plaintiffs' Complaint, which concern alleged defects with the c-clamps and shoulder straps in SSBS vests, because it seeks the same information as Interrogatory No. 5 in Plaintiffs' First Set of Interrogatories to Defendant in the First Class Action, and because the identity of authorized distributors of all SSBS vests, the time period in which each distributor was authorized to sell SSBS vests, and the specific territory or area in which each distributor was authorized to sell SSBS vests are not necessary at this juncture, since no class has been certified. PBE further objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

The time period specified in Rog 4 includes the claims tolled by the Prior Action; thus, Defendant's scope objection should be overruled. Moreover, as discussed above regarding Rog 1, Defendant failed to answer this Rog even as to the undisputed time period.  The identity of the sales representatives is relevant and will lead to further relevant information related to Defendant's marketing materials and representations conveyed by Defendant through its sales representative to class members.  Defendant's remaining objections that a class has not yet been

certified, that this Rog seeks the same information as a request in the Prior Action,[2] that this Rog

seeks confidential information, and Defendant's failure to assert its objections with the necessary

specificity are the same issues as discussed in response to Rogs 1 and 2, which Plaintiffs

incorporate herein.

**INTERROGATORY NO. 5:**
Identify the 88 ballistic package models that can be used with the SSBS Vests as set forth in Paragraph 8 of the Declaration of Hoyt Schmidt, D.E. 121, Ex. 3 in the Prior Case. For each such ballistic package model, identify any differences in the SSBS or components thereof, and identify all Documents supporting Your response.

**RESPONSE TO INTERROGATORY NO 5:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because prior to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct discovery relating to the "Declaration of Hoyt Schmidt" and in fact, Plaintiffs deposed PBE about the "Declaration of Hoyt Schmidt," because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests in the First Class Action, because the Interrogatory seeks information concerning all component parts used for SSBS vests, including component parts other than those which make up the allegedly defective c-clamps and shoulder straps as asserted in Plaintiffs' Complaint, because Plaintiffs lack standing to assert claims concerning any models of SSBS vests that they did not purchase, and because information relating to the "88 ballistic package models that can be used with SSBS Vests" is not necessary at this juncture, since no class has been certified. PBE further objects to this Interrogatory to the extent it seeks "all Documents supporting Your response" because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Defendant's objections suffer from the same infirmities previously discussed. Plaintiffs

incorporate their responses to Rogs 1 and 2 above regarding Defendant's failure to support its

---

[2] Notably, Defendant's objection is only that Plaintiffs sought this information in the Prior Action but not that Defendant produced this information in the Prior Action. This is because Defendant also refused to fully answer this Rog in the Prior Action.

objections with the necessary specificity, as well as its repeated objections that it produced

documents and responded to discovery in the Prior Action, that no class has yet been certified,

that Plaintiffs' lack standing, and that the information sought is supposedly confidential.    In

addition, this Rog is relevant to standing and class certification. Plaintiffs assert that the SSBS in

Defendant's concealable SSBS Vests is identical, that many of the SSBS Vest models are also

identical, and that most of the purported differences among the models cited by Defendant are

irrelevant to the SSBS issues. Discovery in this case is not limited to the discovery taken in the

Prior Action. Finally, Defendant's objection that this Rog is more appropriate as a document

request is simply another evasive objection to avoid responding to Plaintiffs' discovery. The Rog

asks Defendant to identify the documents that support its response. Rule 33(d) provides that in

certain circumstances a party may answer an interrogatory by referring to its business records;

however, this "is generally inappropriate when the interrogatory asks the party to state its

contentions or to state facts supporting its allegations." *Hands on Chiropractic*, 2018 WL

6983622 at *8; *see also* F.*T.C. v. Nationwide Connections, Inc*., No. 06-80180-CIV, 2007 WL

2462015, at *1 (S.D. Fla. Aug. 27, 2007) (finding that the purpose of asking for the identification

of documents in an interrogatory is so that the requesting party can ask for production of the

specific documents).

**INTERROGATORY NO. 6:**
If You contend that the PACA Blue Steel concealable SSBS carrier is comparable to the PBE
Vision carrier and/or that the PACA Perform-X concealable SSBS carrier is comparable to the
PBE Hi-Lite carrier, as set forth in Paragraph 9 of the Declaration of Hoyt Schmidt, D.E. 122,
Ex. 3 in the Prior Case, identify all facts, evidence and Documents that support this contention.

**RESPONSE TO INTERROGATORY NO 6:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially
sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory
as overly broad, unduly burdensome, and not proportional to the needs of this case because prior
to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct
discovery relating to the "Declaration of Hoyt Schmidt" and in fact, Plaintiffs deposed PBE

about the "Declaration of Hoyt Schmidt," because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests in the First Class Action, because Plaintiffs lack standing to assert claims concerning any models of SSBS vests that they did not purchase, and because information relating to "PACA Blue Steel," "PACA Perform-X," or "PBE Hi-Lite" SSBS vests is not necessary at this juncture, since no class has been certified and Plaintiffs do not allege that they purchased "PACA Blue Steel," "PACA Perform-X," or "PBE Hi-Lite" SSBS vests. PBE further objects to this Interrogatory to the extent it seeks all "Documents that support this contention" because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

## BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:

Plaintiffs again incorporate their responses to Rogs 1 and 2 above as to Defendant's failure to support its objections with the necessary specificity, as well as its objections that it produced documents and responded to discovery in the Prior Action, that no class has yet been certified, that Plaintiffs' lack standing, and that the information sought is confidential. Plaintiffs incorporate their discussion in Rog 5 above regarding Defendant's objection that this Rog is more appropriately a document request.  This Rog is directly relevant to Plaintiffs' contention that the Blue Steel and Vision SSBS Vests are identical and the Perform-X and Hi-Lite SSBS Vests are identical, which is relevant to standing and class certification issues. Plaintiffs Koontz and Pater purchased Vision vests and Plaintiff Deshuk purchased a Hi-Lite vest.[3] Finally, contrary to Defendant's contention in its objections, Plaintiffs did not depose PBE on these issues in the Prior Action.

## INTERROGATORY NO. 7:
Identify and describe in detail any and all testing or analysis You performed or reviewed when making the decision to switch from using the foam shoulder straps covered with loop material to

---

[3] Defendant is incorrect in objecting that "Plaintiffs do not allege that they purchased…PBE Hi-Lite SSBS vests."  The Complaint specifies that Plaintiff Deshuk purchased a Hi-Lite Vest.  D.E. 1 at ¶ 49. Thus, unlike in the Prior Action, this case has a named representative for that model line and discovery related to that model line is appropriate.

Breathe-O-Prene material for the shoulder straps used in the SSBS Vests as described in Paragraphs 7 and 8 of the Declaration of Matthew Asher, D.E. 122, Ex. 4 in the Prior Case. For each such test or analysis, identify the individual(s) involved in the test or analysis, state when the test or analysis was performed, identify the specific SSBS Vest model(s) to which the testing or analysis was applicable, state the conclusion of the test or analysis, and identify all Documents relating to the same.

## RESPONSE TO INTERROGATORY NO 7:

PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because prior to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct discovery relating to the "Declaration of Matthew Asher" and testing relating to SSBS vests and in fact, Plaintiffs deposed PBE about the "Declaration of Matthew Asher" and the testing of SSBS vests, because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests, including the testing of the SSBS feature of PBE vests, in the First Class Action, and because the "switch" from "foam shoulder straps covered with loop material to Breathe-O-Prene material" did not take place within five years of the filing of the complaint and took place prior to the incorporation of PBE. PBE further objects to this Interrogatory to the extent it seeks all "Documents relating to" the Interrogatory because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

## BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:

Plaintiffs incorporate their responses to Rogs 1 and 2 above regarding Defendant's failure to support its objections with the necessary specificity, as well as its objections that it produced documents and responded to discovery in the Prior Action and the information sought is confidential. Plaintiffs incorporate their discussion in Rog 5 above regarding Defendant's objection that this Rog is more appropriately a document request. As set forth in the discussion about Rog 3, Defendant's decisions to change materials used in the SSBS of these vests is relevant to the current SSBS failures, such that this Rog should not be limited to 5 years preceding the complaint. Finally, the fact that the material switch at issue occurred prior to Defendant's incorporation is immaterial. As Plaintiffs alleged in their complaint, "[a]lthough

Defendant has operated under different names at various times, PBE advertises and represents to all purchasers of its products, including SSBS Vests, that it has continuously been in business as the same company manufacturing body armor 'since 1973.'" (D.E. 1 at ¶58). The same employees and relevant witnesses exist regardless of the name Defendant operated under at the time. Defendant cannot make the factual assertions and then refuse to answer discovery relating to the same.

**INTERROGATORY NO. 8:**
Identify and describe in detail any and all testing or analysis You performed or was performed by third parties and You reviewed, when making the decision to switch from Breathe-O-Prene material to Rival-Prene for the shoulder straps used in the SSBS Vests as described in Paragraph 9 of the Declaration of Matthew Asher, D.E. 122, Ex. 4 in the Prior Case, including but not limited to the internal testing showing that Rival-Prene performed as well or better than Breathe-O-Prene with respect to shear strength specifically referenced therein (and all testing showing it did not perform as well or better). For each such test or analysis, identify the individual(s) involved in the test or analysis, state when the test or analysis was performed, identify the specific SSBS Vest model(s) to which the testing or analysis was applicable, state the conclusion of the test or analysis, and identify all Documents relating to the same.

**RESPONSE TO INTERROGATORY NO 8:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because prior to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct discovery relating to the "Declaration of Matthew Asher" and testing relating to SSBS vests and in fact, Plaintiffs deposed PBE about the "Declaration of Matthew Asher" and the testing of SSBS vests, and because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests, including the testing of the SSBS feature of PBE vests, in the First Class Action, and because Plaintiffs do not allege that the shoulder straps for their SSBS vests were manufactured using "Rival-Prene." PBE further objects to this Interrogatory to the extent it seeks all "Documents relating to" the Interrogatory because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Plaintiffs incorporate their responses to Rogs 1 and 2 above regarding Defendant's failure

to support its objections with the necessary specificity, its objections that it produced documents

and responded to discovery in the Prior Action and that the information sought is confidential.

Plaintiffs incorporate their discussion in Rog 5 above regarding Defendant's objection that this

Rog is more appropriately a document request.   As set forth in their complaint, Defendant

continues to market and advertise that it uses Breathe-O-Prene for the shoulder straps of its

concealable SSBS Vests, which is part of the deception and misrepresentation of which Plaintiffs

complain. Plaintiffs' discovery efforts seek to determine when Defendant switched to using

Rival-Prene, the negative performance impact the switch resulted in and whether this switch was

ever disclosed.   The fact that Plaintiffs did not allege that the shoulder straps for their SSBS

Vests contain Rival-Prene is not a valid basis for objection, especially given Defendant's

continued concealment of the fact that it uses Rival-Prene at all.

**INTERROGATORY NO. 10:**
If there are any differences other than in color between the black Rival-Prene material and the white Rival-Prene material You used for the shoulder straps in SSBS Vests, (a) identify and describe in detail all such differences and testing or other Documents supporting same, (b) identify the specific SSBS Vest models each material was used in and when, and (c) identify all Documents that discuss or describe any such differences and/or that identify with which SSBS Vest models each color of SSBS straps was used.

**RESPONSE TO INTERROGATORY NO 10:**
PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because prior to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct discovery relating to "black Rival-Prene" and "white Rival-Prene," including at the deposition of PBE, because, in the First Class Action, PBE produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests, including the materials used to manufacture the shoulder straps for SSBS vests, and Rival Technologies produced more than 800 pages of documents to Plaintiffs pursuant to a third party subpoena, and because Plaintiffs do not allege that the shoulder straps for their SSBS vests were manufactured using "Rival-Prene." PBE further objects to this Interrogatory to the extent it seeks all "Documents that discuss or describe any such differences and/or that identify with which SSBS Vest models each color of SSBS straps was used" because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this

case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

## BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:

Plaintiffs incorporate their responses to Rogs 1 and 2 above regarding Defendant's failure to support its objections with the necessary specificity, its objections that it produced documents and responded to discovery in the Prior Action and that the information sought is confidential. Plaintiffs incorporate their discussion in Rog 5 above regarding Defendant's objection that this Rog is more appropriately a document request. Plaintiffs incorporate their discussion from Rog 8 above of the relevance of Rival-Prene and Defendant's baseless objection that Plaintiffs did not allege their vests contain Rival-Prene.

## INTERROGATORY NO. 11:

Identify and describe in detail any and all testing or analysis You performed or reviewed when making the decision to switch from using low profile molded hook material supplied by Velcro to mid-profile woven/welded hook material supplied by Rival Technologies to manufacture the c-clamps for SSBS Vests as described in Paragraph 10 of the Declaration of Matthew Asher, D.E. 122, Ex. 4 in the Prior Case. For each such test or analysis, identify the individual(s) involved in the test or analysis, state when the test or analysis was performed, identify the specific SSBS Vest model(s) to which the testing or analysis was applicable, state the conclusion of the test or analysis, and identify all Documents relating to the same.

## RESPONSE TO INTERROGATORY NO 11:

PBE objects to this Interrogatory because it seeks disclosure of trade secrets, commercially sensitive, and/or proprietary and confidential information. PBE also objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because prior to the discovery deadline in the First Class Action, Plaintiffs had the opportunity to conduct discovery relating to the "Declaration of Matthew Asher" and testing relating to SSBS vests and in fact, Plaintiffs deposed PBE about the "Declaration of Matthew Asher" and the testing of SSBS vests, because PBE already produced more than 400,000 pages of documents to Plaintiffs relating to SSBS vests, including the testing of the SSBS feature of PBE vests, in the First Class Action, and because Plaintiffs do not allege that the c-clamps for their SSBS vests were manufactured using "mid-profile woven/welded hook material supplied by Rival Technologies." PBE further objects to this Interrogatory to the extent it seeks all "Documents relating to" the Interrogatory because such a request is more appropriate for a document request as it seeks the production of documents. In addition, PBE objects to this Interrogatory because PBE has filed a Motion to Stay Discovery and because the Court has not yet entered a protective order in this case. PBE reserves the right to amend its response to this Interrogatory once the Court rules on its Motion to Stay Discovery and enters a protective order.

**BASIS TO OVERRULE OBJECTIONS AND COMPEL COMPLETE ANSWER:**

Plaintiffs incorporate their responses to Rogs 1 and 2 above regarding Defendant's failure to support its objections with the necessary specificity, its objections that it produced documents and responded to discovery in the Prior Action and that the information sought is confidential. Plaintiffs incorporate their discussion in Rog 5 above regarding Defendant's objection that this Rog is more appropriately a document request. Plaintiffs discussion in Rog 8 above regarding of the relevance of Rival-Prene and Defendant's baseless objection that Plaintiffs did not allege their vests contain Rival-Prene is the same with respect to Defendant's change in the c-clamp material at issue in this Rog. Accordingly, Plaintiffs incorporate that discussion herein.

### REQUEST FOR FEES AND COSTS

Pursuant to Fed.R.Civ.P. 37 (a)(4) and (5), Plaintiffs are entitled to an award of attorney's fees and costs incurred in the drafting, preparation and filing of this Motion as Defendant's objections to Plaintiffs' Rogs are not well founded and otherwise improper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Plaintiffs' counsel has conferred with counsel for Defendant about this Motion on March 19, 2019. Defendant opposes the Motion and requested relief. Defendant maintains that it will not produce any documents, answer any discovery or withdraw any of its other various objections until the Court rules on its pending motions to strike/dismiss and motion to stay discovery.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request the Court grant their motion and overrule each of Defendant's objections, order that Defendant be required to immediately provide full and complete responses to Plaintiffs' Rogs and order such other and further relief as the Court deems appropriate.

Dated:  April 10, 2019

**MOSKOWITZ, MANDELL, SALIM
&  SIMOWITZ, P.A.**
800 Corporate Drive, Suite 500
Ft. Lauderdale, Florida 33334
Phone: (954) 491-2000
Facsimile: (954) 491-2051
By:      s/ Ari J. Glazer
          MICHAEL W. MOSKOWITZ
          Florida Bar No. 254606
          Email: mmoskowitz@mmsslaw.com
          ARI J. GLAZER
          Florida Bar No. 194212
          Email: aglazer@mmsslaw.com

**COMPLEX LAW GROUP, LLC**
David M. Cohen, Esq.
dcohen@complexlaw.com
Ga. Bar No. 173503
40 Powder Springs Street
Marietta, Georgia 30064
Phone: (770) 200-3100
Facsimile: (770) 200-3101
*Pro Hac Vice*

**KANNER & WHITELEY, LLC**
Allan Kanner, Esq.
a.kanner@kanner-law.com
La. Bar No. 20580
Cynthia St. Amant, Esq.
c.stamant@kanner-law.com
La. Bar No. 24439
701 Camp Street
New Orleans, Louisiana 70130
Phone: (504) 524-5777
Facsimile: (504) 524-5763
*Pro Hac Vice*

Herschel M. Sigall, Esq.
herschelm@yahoo.com
Ohio Bar No. 0041728
190 West Johnstown Road
Gahanna, Ohio 43230
Phone: (614) 781-7686
Facsimile: (614) 781-7685
*Pro Hac Vice*

**Attorneys for Plaintiffs**