UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-63130-CIV-RUIZ/SELTZER

OHIO STATE TROOPERS
ASSOCIATION, INC., et al.,

    Plaintiffs,

v.

POINT BLANK ENTERPRISES, INC.,

    Defendant.
_____/

MIGUEL PORRAS, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

POINT BLANK ENTERPRISES, INC.,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Plaintiffs' <u>ore tenus</u> Motion to Compel Discovery.

These consolidated actions involve the sale of allegedly defective bulletproof vests. The discovery dispute spans three separate class action complaints. The parties initially took discovery in <u>Ohio State Troopers Association, Inc., et al. v. Point Blank Enterprises, Inc.</u>, Case No. 17-62051-CIV-UU (referred to herein as "First Class Action"). That case, however, was dismissed without prejudice in October 2018 when the Court

denied class action certification. The present action, <u>Ohio State Troopers Association, Inc., et al. v. Point Blank Enterprises, Inc.</u>, Case No. 18-63130-CIV-RAR (hereinafter "OSTA"), was filed in December 2018. Discovery in the OSTA case is stayed (DE [69]). The third litigation, <u>Porras v. Point Blank Enterprises, Inc.</u>, Case No. 19-61881-CIV-RAR (referred to herein as "<u>Porras</u>"), was transferred from the district court in California and consolidated with the present case (DE [63]). On November 8, 2019, District Judge Rodolfo A. Ruiz entered an order lifting the discovery stay "only as to the California-specific claims in the <u>Porras</u> action." (DE [82]). The stay was lifted until December 16, 2019 (DE [82]). Judge Ruiz later extended the deadline to January 20, 2020 (DE [98]).

After the Court lifted the discovery stay for the California-specific claims in the <u>Porras</u> action, counsel for Porras contacted Defendant's counsel to address claims of privilege Defendant had previously raised in the OSTA litigation. The parties could not resolve the privilege issues and Porras sought relief from the Court.[1] The Court held a discovery hearing on December 4, 2019. Prior to the hearing, the parties filed their respective Discovery Status Reports (DE [87] and [88]), which outlined the matters in dispute. Following the hearing, the Court entered an Order (DE [96]) directing Defendant

---

[1] In addition to claiming privilege, Defendant argues that Porras is beyond the 30-day limitation under the Local Rules for bringing discovery disputes to the Court. The Court disagrees, as Porras did not have the opportunity to engage in any discovery until the District Court lifted the discovery stay on November 8, 2019. Defendant also argues that the documents are not "California-specific" and, therefore, are beyond the scope of the Court's order lifting the discovery stay. The Court concludes that there is a sufficient nexus to the California claims to justify the discovery. Accordingly, both of these objections are overruled.

2

to submit the disputed documents for in camera inspection. Both parties have briefed the privilege issues (DE [101] and [102]) and the matter is now ripe for review.

Defendant asserts work-product privilege to documents PBE_007643, PBE_007644-645, PBE_007646-647, PBE_007648-650, PBE_007651-653, and PBE_007654-656 (collectively referred to as "Tab A-1 Documents"). These documents are a string of emails dated April 25, 2018, between Defendant's employees that refer to the testing and evaluation of SSBS vests. Defendant asserts that the tests were performed at the direction of litigation counsel in advance of and for the parties' April 30, 2018 mediation in the First Class Action.

Claims of work product protection are governed by Federal Rule of Civil Procedure 26(b)(3), which provides in pertinent part: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The Declaration of Tom Steffen, Defendant's Executive Vice President of Corporate Legal Affairs (DE [101-1]), establishes that the testing and evaluations referred to in the emails were conducted at the request of counsel in anticipation of mediation:

> A mediation in the First Class Action was held on April 30, 2018. In advance of that mediation, Point Blank had discussions with counsel from Morgan Lewis and Berger Singerman, and Point Blank was directed by counsel to evaluate various items in connection with confidential settlement-related discussions at the mediation. This included performing certain internal evaluations and analyses for that mediation, including to assess Plaintiffs' settlement-related proposals. Emails relating to that work is reflected in Tab A1 in

3

> the binder submitted to the Court in camera on December 6, 2019.

Defendant does not, as argued by Plaintiff, make a conclusory assertion of privilege. Rather, Defendant establishes that the emails in question pertained to preparations directed by Defendant's attorneys for a mediation conference that was to be held several days later. Plaintiff further argues that the work-product privilege does not apply to the Tab A-1 documents because Defendant has not shown that any of the documents were prepared by or submitted to defense counsel. Plaintiff's definition of work product is too narrow. The fact that documents "were not authored or received by an attorney, standing alone, is insufficient to demonstrate that no protection applies to those documents." In re Denture Cream Products Liability Litigation, 2012 WL 5057844, at *14, *19 (S.D. Fla. Oct. 18, 2012) (product analysis documents in employee's file protected by work-product privilege where defendant established by declaration that the analysis was requested by counsel as part of crafting a litigation strategy). It is unrefuted that the Tab A-1 documents were generated as part of Defendant's mediation strategy and, thus, the work-product privilege applies.

Finally, Plaintiff argues that the Tab A-1 Documents cannot be protected by work-product privilege because they do not contain any "core attorney opinions" or "opinion of counsel." Again, Plaintiff defines work product too narrowly. The work-product doctrine protects both opinion work product, such as "core attorney opinions" and the like, as well as "fact work-product," such as the Tab A-1 Documents. See Hickman v. Taylor, 329 U.S. 495 (1947); Stern v. O'Quinn, 253 F.R.D. 663, 685 (S.D. Fla. 2008) (documents generated during defendant's fact investigation were fact work product). Fact work

4

product includes "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Id. (citations omitted). Although "the same level of protection [afforded to opinion work product] does not apply to fact work product," disclosure is still prohibited unless the party seeking the discovery establishes substantial need and inability to obtain the information by other means. Id. The Court finds that the Tab A-1 Documents consist of fact work product and that Plaintiff has not made the necessary showing that would require disclosure.

Tab A-2 contains documents labeled PRIVID_00102 to 00109, which consist of email strings from July 14 to 17, 2017 (referred to collectively as the "Tab A-2 Documents"). The Declaration of Tom Steffen (DE [101-1]) explains that these emails were generated in response to outside counsel's requests for information about sales data and contracts in Ohio. According to Steffen, these documents were gathered "so that Point Blank and its Counsel could evaluate the allegations in the Proposed Complaint and to assist in the parties' settlement-related discussions." For the reasons set forth above, the undersigned concludes that the Tab A-2 Documents are protected by the work-product privilege.

Tab A-3 includes documents labeled PRIVID_00067 to PRIVID__00079 (referred to collectively as "Tab A-3 Documents"). According to the Declaration of Tom Steffen (DE [101-1]), "[a]fter receiving the Proposed Complaint, Point Blank and its counsel (Morgan Lewis and Berger Singerman) had numerous conversations regarding defenses to the Proposed Complaint, Plaintiffs' settlement-related demands, and potential

resolution of the dispute. Counsel for Point Blank asked me to instruct other Point Blank employees to provide certain information to aid in those discussions and our ongoing analysis of the claims and allegations in the Proposed Complaint." Upon review of the Tab A-3 Documents, the Court finds that the documents directly pertain to strategies for pre-suit settlement, as well as litigation strategy. No outside expert was copied on the email chains, but outside attorneys were either included in or commenced the email chains in question. See In re Denture Cream Prod. Liab. Litig., 2012 WL 5057844, at *13 (work-product doctrine "does not require that the withheld document be prepared by an attorney, or even reviewed by an attorney"). Accordingly, the Court concludes that the Tab A-3 documents are protected by the attorney-client and work-product privileges.

Tab A-4 includes documents labeled PRIVID_00047 to PRIVID_00055 and PRIVID_00059 to PRIVID_00064 (referred to collectively as "Tab A-4 Documents"). The Tab A-4 Documents are emails between Defendant's employees and employees of the consulting firm Exponent. The emails were sent between June 14, 2017, and July 6, 2017, and reportedly "reflect communications regarding expert consulting work, including testing, for purposes of the pre-settlement discussions with Plaintiff's counsel and the defense of threatened, anticipated litigation." (DE [101], p. 11].

Defendant argues that the communications reflected in the Tab A-4 Documents are protected by the work-product privilege because Defendant hired Exponent on a consulting basis in anticipation of litigation after Defendant had been provided a copy of the proposed complaint in the First Class Action. Rule 26(b)(4)(B) provides that a litigation consultant is "generally immune from discovery." Fed. R. Civ. P. 26(b)(4)(B).

6

"However, when an expert serves as both a litigation consultant and a testifying witness, an issue arises as to whether the party relinquishes the privilege that would otherwise attach to the litigation consultant's work."  In re Commercial Money Center, Inc. Equipment Lease Litigation, 248 F.R.D. 532, 538 (N.D. Ohio 2008)

Significantly, in a footnote in its memorandum of law, Defendant acknowledges that nearly one year after retaining Exponent in a consulting capacity, Defendant designated Christian Page from Exponent as a testifying expert (DE [101], n.7).  Nevertheless, Defendant argues that all communications with Exponent prior to the filing of the First Class Action were made pursuant to a non-testifying consulting arrangement and, thus, constitute work product.  The Court disagrees.

"[T]he facts or data considered by [a testifying expert]" are subject to disclosure.  Fed. R. Civ. P. 26(b)(2)(B)(ii); Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1195 (11th Cir. 2013).  "[T]he term 'facts or data' includes all materials considered by a testifying expert, <u>except the core opinion work-product of attorneys</u>."  Id. (emphasis added).  The Hinchee court explained:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel.  At the same time, the term "facts or data" should "be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients."

Id. (quoting 2010 Advisory Committee Notes).

The Tab A-4 Documents are purely factual and contain no "core opinion work-product" of attorneys.  Defendant's testifying expert, Christian Page, is copied in most, if not all, of the emails in the Tab A-4 Documents.  (The one email not copied to Christian

Page – PRIVID_00054 to PRIVID_00055 -- contains an attachment that is identical to an email that was sent to Page). Although several attorneys from Morgan Lewis are copied on some of the emails, none of the emails were written or sent by the attorneys.

Defendant argues that the testing referred to in the Tab A-4 Documents occurred during the consulting stage of Exponent's services and prior to Christian Page's retention as a testifying expert and, thus, the documents are protected by work-product privilege. "However, whether time has passed [between Page's retention as consultant and testifying expert] is not the pertinent inquiry; instead, the question is the extent of the <u>substantive</u> relationship between [Page's] two expert roles." <u>Yeda Research and Development Co., Ltd. v. Abbott GMBH & Co. KG</u>, 292 F.R.D. 97, 113 (D.D.C. 2013) (discussing application of work-product privilege to documents reviewed by "dual-hat experts"). Disclosure is warranted "when there is at least an ambiguity as to whether the materials informed the [testifying] expert's opinion." <u>Id.</u> (quoting <u>Monsanto Co. v. Aventis Cropscience, N.V.</u>, 214 F.R.D. 545, 547 (E.D. Mo. 2002)).

Defendant bears the burden to demonstrate the applicability of the work-product doctrine. <u>Stern</u>, 253 F.R.D. at, 674. But here Defendant has failed to establish that the Tab A-4 Documents were reviewed or generated by Page "uniquely in his role as consultant" or that the Documents have "no relation to the subject matter of [his] report." <u>See</u> <u>In re Commercial Money Center, Inc. Equipment Lease Litigation</u>, 248 F.R.D. at 538-42 (consulting documents related to subject of testifying expert's report ordered produced). Indeed, Defendant raises no argument that the Tab A-4 Documents are unrelated to Page's expert opinions. Absent any proffer or proof that Page did not

consider the Tab A-4 Documents in rendering his opinions, the work-product privilege does not shield those documents from disclosure. For this reason, the Court concludes that the Tab 4-A Documents must be produced.

Finally, Tab B contains a series of emails (PBE_406844) among Defendant's employees that Defendant contends is protected by attorney-client and work-product privilege. It appears that Plaintiff is challenging a three-sentence redaction from an email sent by Tom Steffen to other employees. After reviewing the redacted information, the Court concludes that the redacted portion is subject to the attorney-client privilege.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's <u>ore tenus</u> Motion to Compel Production of Documents is **GRANTED IN PART AND DENIED IN PART.** Defendant's assertion of work-product privilege to documents PRIVID_00047 to PRIVID_00055 and PRIVID_00059 to PRIVID_00064 is **OVERRULED**. Defendant shall produce documents PRIVID_00047 to PRIVID_00055 and PRIVID_00059 to PRIVID_00064 within fifteen (15) days of the date of this Order. Plaintiff's Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of December 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF